FROELICH, APELANTE, *v.* EL PUEBLO, APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 879.—Resuelto en junio 6, 1913.

PRUEBAS—NEGLIGENCIA—DECLARACIÓN DEL DEMANDANTE.—Cuando el único testigo presencial es el mismo demandante, es necesario considerar su declaración con gran cuidado.

NEGLIGENCIA—PRECAUCIONES—AUTOMÓVIL.—Cuando una persona viaja en una noche obscura en automóvil por una carretera que ha recorrido varias veces, y sabe que existe una cortadura producida por haber destruído las lluvias torrenciales una alcantarilla, y que existe un desvío y junto a éste una cerca, todo lo cual contribuye a que el sitio sea sumamente peligroso, está en el deber, para no ser culpable de negligencia contribuyente si sufre un accidente, de no caminar a la misma velocidad a que acostumbraba hacerlo corrientemente y disminuir la marcha de su automóvil al paso de una persona, y atendidas las circunstancias de este caso y la prueba practicada, la corte inferior no cometió error al estimar negligente al apelante.

ID.—CAUSA PRÓXIMA DEL ACCIDENTE.—Cuando como en el presente caso la causa próxima e inmediata del accidente es el descuido y negligencia del mismo demandante, el cual hubiera podido evitar si hubiera tomado las precauciones propias de un hombre prudente y razonable, no puede el demandante recobrar los perjuicios derivados directamente de su propio descuido, aun cuando el demandado fuera también culpable de negligencia.

ID.—NEGLIGENCIA CONTRIBUYENTE—NEGLIGENCIA DEL DEMANDADO.—El caso *Vargas* v. *Monroig,* 15 D. P. R., 27 y el de *Rosado* v. *Ponce Railway and Light Company,* 18 D. P. R., 609, no son aplicables a este caso, ni sientan la doctrina de que si hubo negligencia contribuyente en el demandado, no está impedido el demandante de recobrar perjuicios aun cuando fuera también negligente y hubiera podido evitar el accidente ejercitando el debido cuidado y prudencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

Abogados del apelado: *Sres. Wolcott H. Pitkin, Jr., Attorney General, Charles E. Foote, Fiscal, y Daniel F. Kelley.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

El apelante, Henry Froelich, presentó demanda ante la Corte de Distrito de Ponce contra el Pueblo de Puerto Rico reclamándole determinada cantidad como indemnización de los perjuicios que sufrió por consecuencia de una caída con su automóvil por una cortadura que las aguas habían hecho en la carretera de Ponce a Guayama, cuyo cuidado y conservación está a cargo del demandado. Negada la demanda y celebrado el correspondiente juicio, la expresada corte dictó sentencia absolviendo al demandado y contra ella interpuso el demandante el presente recurso de apelación.

El apelante funda su recurso, 1°., en que la corte erró al estimar culpable al apelante de negligencia contribuyente; y 2°., al considerar que tal negligencia le impide recobrar los perjuicios sufridos.

Como conclusiones de hecho formuló la corte inferior las siguientes:

"*Primera.* La corte estima probado que a consecuencia de lluvias torrenciales que ocurrieran en la costa sur de la isla, hacia el mes de noviembre de 1909, la carretera que de Ponce conduce a Guayama, y que pasa por los pueblos de Santa Isabel y Salinas, que es una carretera insular, perteneciente a El Pueblo de Puerto Rico a cuyo cargo está su mantenimiento y reparación, quedó cortada en un sitio llamado 'Quebrada de Torres,' próximo a Santa Isabel, por haber destruído las fuerzas de las aguas una alcantarilla que en dicho sitio atravesaba la carretera, lo que hizo necesario la construcción de un desvío por el lado derecho de la carretera, en dirección de Ponce a Guayama, que partiendo de un punto cercano a dicha cortadura fuera por los terrenos colindantes, a empalmar al otro lado de la referida cortadura, a una distancia aproximada de veinte y siete metros en línea recta al punto de partida.

"*Segunda.* La corte estima probado que a raíz de la inundación y del derrumbe a que se refiere el hecho anterior, los agentes y empleados del Departamento del Interior, del Gobierno de Puerto Rico,

levantaron una valla en ·cada lado de la expresada cortadura, la resistencia de la cual, estima esta corte satisfactoriamente probado, que no era suficiente para evitar la caída de vehículos y los peligros ‹ · c naturalmente habían de verse expuestos los viajeros.

"*Tercero.* La corte estima probado que la cortadura y vallas mencionadas existían en dicho sitio en la noche del 30 o 31 de marzo de 1910, y que en la noche de uno de dichos días, el demandante Henry Froelich, que salió de Ponce por la expresada carretera y se dirigía en su automóvil a la Central Aguirre, manejando él mismo dicho vehículo y sin que lo acompañara ninguna otra persona, sufrió un accidente ocasionado por la caída del automóvil que se deslizó por la pared de la cortadura, hacia el lado izquierdo ·de la carretera (yendo con dirección a Guayama) estimando la corte satisfactoriamente probado que la caída del automóvil tuvo lugar en un sitio del borde de la' cortadura *comprendido entre ambos lados del camino afirmado o carretera* con ligera ·desviación hacia su lado izquierdo, y además que dicho automóvil arrastró en su caída la valla o parte de la valla colocada al borde de la expresada cortadura.

"*Cuarta.* La corte estima probado que a consecuencia del accidente descrito en el hecho anterior, el demandante Henry Froelich sufrió daños en su persona y en sus bienes, consistentes los primeros en lesiones· que recibiera y ruptura del hueso tibia, de una de sus piernas, que le obligaron a retirarse a un hospital y recibir auxilios facultativos por espacio ·de dos meses, y los segundos, en los gastos que los primeros le ocasionaran, pérdida de trabajos, y destrucción de varias piezas de su automóvil.

"*Quinta.* La corte estima probado que con anterioridad a la noche en que ocurriera el accidente que sufriera el demandante, éste tenía perfecto conocimiento del estado y condición en que se encontraba la carretera de Ponce a Guayama, en el sitio en que dicho accidente tuviera lugar, y, además, estima la corte ·satisfactoriamente probado que dicho demandante no tomó las precauciones necesarias, ni ejercitó el debido cuidado y diligencia para evitar el peligro que ofrecía el estado de la carretera en dicho sitio y evitar asimismo el accidente que sufriera.

"*Sexta.* La corte estima satisfactoriamente probado que el demandante Henry Froelich es culpable de negligencia contribuyente y que ésta fué la causa próxima e inmediata del accidente que experimentara y de los daños que a consecuencia del mismo sufriera.

"*Séptimo.* La corte no estima satisfactoriamente probado que la insuficiencia ·de la resistencia que para evitar la caída de los vehículos podía oponer la valla levantada al borde de la referida cortadura,

*contribuyera de modo inmediato* al accidente que sufriera el deman-
dante, y que originara el establecimiento de esta acción, y estima pro-
bado que la negligencia que por este concepto hay que atribuir a los
agentes y empleados del demandado, o sea El Pueblo de Puerto Rico,
y de que es responsable éste, es remota, y *que, en todo caso,* apare-
ciendo los hechos en la forma más favorable al demandante, hay que
estimar, que tanto la negligencia del demandado como la del deman-
dante contribuyeron directamente a producir el accidente y que
*ambas combinadas constituyen la causa próxima e inmediata del
daño.*''

Para considerar el primer motivo de error examinaremos
la evidencia a fin de determinar si sostiene la conclusión a que
llegó la corte inferior respecto a la negligencia del apelante;
mas como el demandante iba solo en su automóvil cuando
ocurrió su caída por la cortadura y no hubo por tanto otro
testigo presencial, hemos de considerar su declaración con
gran cuidado. Empezaremos, pues, consignando que si bien
el apelante juró en su demanda que en la cortadura no se había
puesto barrera ni obstrucción alguna para precaver la caída
de vehículos, sin embargo, declaró en el juicio, también bajo
juramento, que en el día de su accidente y con anterioridad,
había visto una valla o cerca en los bordes de la cortadura,
extremo éste que también aparece justificado por otros tes-
tigos.

De lo declarado por el apelante en el juicio resulta que
había viajado varias veces por esa carretera, sabía que existía
la cortadura por donde cayó, que había sido construído un
desvío a la derecha yendo de Ponce a Guayama y que inme-
diata al desvío existía una cerca o valla: que esa noche salió
de Ponce por esa carretera y seguía su camino sabiendo que
existía tal sitio peligroso; que vió la luz de un coche tan cerca
que podía tirar un cigarrillo sobre él, por lo que tocó su bocina
e hizo un movimiento para virar a su derecha, cayendo enton-
ces por la cortadura y que las precauciones que tomó fueron
las de caminar a razón de ocho o diez millas, como hace siem-
pre que camina de noche y mirar, aunque sin poder ver por la

obscuridad que había, a pesar de que llevaba tres focos en su automóvil que cubrían un radio de cien a ciento cincuenta pies y por último que él no creía estar tan lejos. Esas fueron las únicas precauciones que tomó, según su declaración en el juicio.

En el coche a que hace referencia viajaba Julio López y su declaración puede darnos alguna luz en el asunto. Dicho testigo declaró que cuando llegaba a la alcantarilla destruída advirtió al cochero que tuviera cuidado con el desvío y cuando llegaban a éste, como dos metros antes, oyó la bocina de un automóvil que iba detrás, como a quince o veinte metros, por lo que dijo al cochero que apurase para no ser alcanzado en el desvío y hecho así, cuando lo concluían e iban a entrar otra vez en la carretera oyó caer el automóvil al que fueron a prestar auxilio. Según la declaración del cochero, no supo hasta esa noche que existía tal desvío; de la diligencia de inspección ocular practicada por el juez resulta que la valla estaba levantada a un metro o metro y medio del desvío y que éste tendría entre la entrada y la salida unos veinte y siete metros en línea recta, y, por el conjunto de las declaraciones de los testigos, podemos estimar que por ese sitio habían unos seis metros del desvío a la cortadura.

Dada la proximidad del desvío al hueco dejado por la alcantarilla rota y que la valla era de tal índole que no podía resistir el empuje de un automóvil, indudablemente que el sitio era sumamente peligroso, por lo que creemos que conociendo el apelante esas circunstancias debió ser más precavido.

No hay reglas precisas de lo que en cada caso deba hacer una persona razonable y prudente, pero entendemos que en las circunstancias del presente, no hubiera caminado a la misma velocidad que acostumbrada a hacerlo corrientemente sino que, dada la obscuridad de esa noche y el peligro grande del sitio, hubiera disminuído la marcha de su automóvil hasta llevarlo al paso de una persona a fin, no sólo de que le fuera más fácil la visión, sino también de poder detener su carro prontamente para no caer por la cortadura. Esto es lo que se

le ocurre a cualquiera persona prudente y el no hacerlo demuestra negligencia y descuido.

Además, no nos explicamos cómo, si caminaba a ocho o diez millas, que es casi la marcha de un coche, llevando focos que alcanzaban hasta ciento cincuenta pies, no vió el desvío y la valla, cuando el cochero que iba delante, con la luz de los faroles usuales en esos vehículos y que no conocía el desvío, lo vió; con mayor razón cuanto que habiendo visto la luz del coche ha debido verlo dejar la carretera y entrar en el desvío, lo que tenía que servirle de guía y de aviso de que lo tenía inmediato, por lo que dudamos mucho, como también dudó la corte inferior, de que llevara la marcha expresada en atención también a que, si no creía estar tan lejos de Ponce, parece esto demostrar que caminaba de prisa.

En vista de lo expuesto, entendemos que la corte inferior no cometió error al estimar negligente al apelante, por lo cual debemos considerar ahora si por esa negligencia está impedido de recobrar los perjuicios que sufrió.

Tal como han ocurrido los hechos, podemos decir que a pesar de lo peligroso del sitio, el accidente no hubiera ocurrido si el apelante hubiera tomado las precauciones propias de un hombre prudente y razonable, por lo que debemos concluir que su descuido y negligencia fué la causa próxima e inmediata de su caída por la cortadura de la carretera. Si el demandado fué negligente en no poner una cerca capaz de detener cualquier vehículo que llegase hasta ella, como entendió la corte inferior, de todos modos, siendo la causa próxima del accidente la negligencia del apelante, ésta le impide recobrar los perjuicios derivados directamente de su propio descuido. Para tener derecho a indemnización por daños y perjuicios por actos u omisiones en que intervenga culpa o negligencia, es necesario que el demandante pruebe que tal daño es la consecuencia inmediata y natural del acto culpable y negligente del demandado y no de la propia culpa o negligencia del demandante. *Díaz* v. *San Juan Light and Transit Company,* 17 D. P. R., 69.

Sostiene el apelante que en los casos de *Vargas* v. *A. Monroig e Hijos,* 15 D. P. R., 27, y *Rosado* v. *Ponce Ry. & Light Co.,* 18 D. P. R., 609, se sostiene la doctrina de que si liubo negligencia contribuyente en el demandado, no está impedido el demandante de recobrar perjuicios porque pudiera evitarlos ejercitando el debido cuidado y prudencia y que en consecuencia erró la corte al negarlos en este caso. Con respecto al primero de estos casos diremos que si bien en él se dijo que "hay muchos casos en que se resuelve que aunque un demandante podría, ejercitando cautela, haber evitado el accidente, sin embargo, dicho demandante ṕuede, a pesar de esto, ser indemnizado, si se prueba que el demandado pudo haber evitado el accidente ejercitando el debido cuidado," sin embargo, la doctrina aceptada por la corte en ese caso, que había sido fallado resolviendo una moción de sobreseimiento del demandado y sin que éste llegara a presentar su prueba, no fué esa sino la de que "habiendo sido el demandante perjudicado por haberse izado la máquina, él tenía *prima facie* derecho a exigir indemnización por los daños y perjuicios efectivos *a no ser que por la prueba se viera que había sido culpable de negligencia contributoria;"* doctrina reproducida más ampliamente en estos otros párrafos de la opinión: "Sin embargo, no creemos que la prueba que ha sido presentada demuestre que ha habido negligencia contributoria por parte del apelante. Según se ha indicado anteriormente él no tenía motivos para creer que se encontraba en situación peligrosa. No podía preveer que por coger el garfio y las argollas estando en su carro iba a causarse daño, lo cual hizo en la forma en qué se hacía ordinariamente. La causa próxima del accidente fué el alzamiento de la grúa y no la forma en que el demandante cogió el garfio. Cuando un demandante entra o cruza por un sitio de peligro, por ejemplo, por la vía de un tren, sitio que él debe saber que es peligroso, y aun así, entra en dicho lugar negligente o descuidadamente, en tal caso dicho demandante no puede ser indemnizado por el demandado. * * *.

"La forma ordinaria, usual o conveniente de hacer una cosa, *cuando un demandante no tiene motivos para suponer que hay peligro,* lo exoneraría del cargo que se le hiciera con respecto a negligencia contributiva si entra en el trabajo en la forma ordinaria.    *    *    *."

En cuanto al segundo caso citado, es cierto que reproduce la doctrina del primer párrafo transcrito de la anterior opinión de. que, si bien no puede recobrarse daños cuando la causa próxima de ellos ha sido la negligencia del perjudicado, esto no obstante, la acción prevalece si se demuestra que el demandado pudo evitarlo usando de razonable cuidado; pero no fué ese el fundamento de la sentencia en ese caso sino el de que el perjudicado no era culpable de negligencia, porque la preponderancia de la prueba era en el sentido de que desde el sitio donde estaba no podía ver que unos alambres estaban descubiertos y porque no había prueba tendente a demostrar que él o cualquiera otra persona razonable pudiera suponer que por aquellos alambres pasara una corriente mortal, toda vez que siendo para el alumbrado de una casa debía ser inofensiva.   Lo que propiamente resuelve ese caso no es que el demandante fuera negligente y que a pesar de ello tenga derecho a recobrar porque la demandada no evitó el daño usando de un ordinario cuidado, sino que el perjudicado no era culpable de negligencia.   Sus palabras son éstas: "Por tanto, bajo todas las circunstancias que aparecen de los hechos que han sido probados, no podemos resolver que el interfecto fué culpable de. negligencia contributoria."   De todos modos, en ambos casos se trataba de peligros desconocidos para el perjudicado y que no tenía derecho a esperar y no son, por tanto, aplicables al presente caso, en el que con anterioridad al accidente conocía el apelante el peligro que existía y que podía evitar con su diligencia.

Por las razones expuestas la corte inferior tampoco cometió el segundo error que se le atribuye por el apelante.

La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.